IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13 CV 161

| | |
|---|---|
| **EDMOND DEMARCELLUS, Individually,** ) | |
| **CLAIRE DEMARCELLUS PARIS,** ) | |
| **Individually, and ADDCO** ) | |
| **MANUFACTURING COMPANY, a** ) | |
| **North Carolina Corporation,** ) | |
| ) | |
| **Plaintiffs** ) | |
| ) | **ORDER** |
| **v** ) | |
| ) | |
| **ROLAND DEMARCELLUS,** ) | |
| ) | |
| **Defendant** ) | |

**THIS MATTER** is before the undersigned pursuant to a Certification and Report of F.R.C.P.26(f) Conference and Joint Discovery Plan (#5) which was filed on July 30, 2013. A review of the file in this matter shows that a Counterclaim was filed on July 19, 2013 by the Defendant. The time for replying to the Counterclaim by the Plaintiffs has not expired. Fed. R. Civ. P. (12)(1)(B)

LCvR 16.1 states as follows:

**(A)** **Initial Attorney's Conference**. As soon as is practicable, and in any event not later than fourteen (14) days from joinder of the issues (as defined in Section (D) below), the parties or their counsel shall confer as provided by Fed. R. Civ. P. 26(f), and conduct an "Initial Attorney's Conference" ("IAC"). In addition, counsel shall also discuss at such conference consent to magistrate judge

1

jurisdiction. See LCvR 73.1(C).

The term "joinder of issues" are defined in LCvR 16.1(D):

**(D) Joinder of the Issues**. For the limited purpose of these Local Civil Rules, "joinder of the issues" occurs when the final answer to a complaint, third-party complaint, or crossclaim or the final reply to counterclaim has been filed, or the time for doing so has expired. Rule 12 motions contained in an Answer, but no supported by a brief, act as placeholders and do not prevent joinder of the issues. Where Rule 12 motions are filed and briefed, issues will not join until such motions are resolved by the court, unless other ordered by the Court.

Due to the fact that the issues in this matter have not joined, the undersigned declines at this time, to enter a scheduling order, but will do so when the issues have joined.

In the certification and report filed by the parties, the parties state as follows: "The parties have discussed the issue of consent to the jurisdiction of a U.S. Magistrate Judge, and have no objection." LCvR 16.1(C) states:

**(C) Filing of Joint Stipulation of Consent to Magistrate Jurisdiction**. Where all parties agree to magistrate judge jurisdiction, the Joint Stipulation of Consent to Exercise of Jurisdiction by a United States Magistrate Judge shall be filed simultaneously with either the CIAC as provided in Local Civil Rule 73.1(C), or within five (5) days of the Court's ruling on a motion to stay.

Should the parties determine to agree to consent to the jurisdiction of the magistrate judge, the parties will have up to and including August 14, 2013 to file the Joint Stipultion of Consent to Exercise of Jurisdiction by a United States

<u>Magistrate</u> Judge as referenced in the above referenced Rule.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the Court declines to enter a scheduling order at this time concerning the certification and report (#5) filed by the parties in this matter on July 30, 2013 and should the parties determine to consent to the jurisdiction of the magistrate judge that they file the <u>Joint Stipulation of Consent to Exercise of Jurisdiction by a United States Magistrate Judge</u> on or before **August 14, 2013**.

Signed: August 7, 2013

Dennis L. Howell
United States Magistrate Judge